# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**ANDREA KOHLER,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0489** (BOR Appeal No. 2056536)
(Claim No. 2021002738)

**ETCIVC HOLDINGS, LLC,**
**Employer Below, Respondent**

# MEMORANDUM DECISION

Petitioner Andrea Kohler, a self-represented litigant, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). ETCIVC Holdings, LLC, by Counsel James W. Heslep, filed a timely response.

The issue on appeal is medical benefits. The claims administrator denied a request for outpatient surgery on November 13, 2020. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its March 9, 2021, Order. The Order was affirmed by the Board of Review on March 26, 2021.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under West Virginia Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

> (d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue

1

in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Ms. Kohler, a truck driver, was injured in the course of her employment. On November 13, 2020, the claims administrator denied a request for outpatient surgery. The Office of Judges notified Ms. Kohler on February 10, 2021, that it had not received any evidence in support of Ms. Kohler's protest of the November 13, 2020, claims administrator decision, nor had it received an explanation of the basis of the appeal. The Office of Judges informed Ms. Kohler that she had fifteen days to notify the Office of Judges and report any error in the identification of the record. Ms. Kohler did not respond to the Office of Judges' letter, nor did she provide any evidence in support of her protest.

In its March 9, 2021, Order, the Office of Judges affirmed the claims administrator's denial of authorization for an outpatient surgery. The Office of Judges stated that Ms. Kohler was given a time-frame in which to submit evidence in support of her protest. Ms. Kohler failed to submit any evidence or explanation of the basis for the protest. The Office of Judges then issued a letter explaining that it had not received any evidence and gave Ms. Kohler fifteen days to respond, which Ms. Kohler failed to do. West Virginia Code of State Rules 93-1-10.4, promulgated by the Office of Judges pursuant to West Virginia Code § 23-5-9, provides that

if the protesting party fails to show that evidence or argument has been timely filed, or if there is no response to the Show Cause Order, the Office of Judges shall issue a decision affirming the claims administrator's order. Such decision issued pursuant to this rule may be appealed to the Workers' Compensation Board of Review.

None of the required documentation was provided in this case, and therefore, the claims administrator's denial of treatment was affirmed.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 26, 2021. The Board found that this Court addressed a similar factual situation in *NE Operations Holdings v. Satterfield*, No. 13-0169, 2014 WL 2978382 (W. Va. July 2, 2014) (memorandum decision). In that case, this Court held that the Office of Judges, and by extension Board of Review, were mandated to reject the claimant's protest because he failed to provide evidence in support of his case and failed to comply with a Show Cause Order. Similarly, here the Board of Review concluded that the Office of Judges in the case at issue was

correct to affirm the claims administrator's denial of Ms. Kohler's request for medical treatment because she failed to provide any evidence in support of her protest.

After review, we agree with the reasoning and conclusions of the Board of Review. West Virginia Code of State Rules § 93-1-10.4 states that when a claimant fails to provide evidence in support of his or her claim, the Office of Judges shall affirm the claims administrator's decision. In this case, Ms. Kohler provided no evidence to the Office of Judges in support of her protest. Neither the Office of Judges nor Board of Review erred in affirming the claims administrator's denial of authorization for outpatient surgery.

Affirmed.

**ISSUED: January 19, 2023**


**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn